**XIU JIN LIN, Petitioner,**

**v.**

Michael MUKASEY,[1] U.S. Attorney General, Respondent.

No. 05–5487–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2007.

Liu Yu, Law Offices of Yu & Associates, PLLC, New York, NY, for Petitioner.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Xiu Jin Lin, a native and citizen of China, seeks review of a September 20, 2005 order of the BIA affirming the February 26, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Jin Lin,* No. A 95 933 759 (B.I.A. Sept. 20, 2005), *aff'g* No. A 95 933 759 (Immig. Ct. N.Y. City Feb. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. I.N.S.*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

The IJ's adverse credibility determination was based, *inter alia*, on: (1) Lin's demeanor, which the IJ found to be hesitant and unresponsive; (2) the implausibility that Lin was a practicing Catholic but failed to start attending church in the United States until almost four years after her arrival; and (3) the lack of corroboration that Lin was baptized and attended church either in China or the United States.

As an initial matter, we afford significant deference to the IJ's determinations regarding demeanor. *See Zhou Yun Zhang*, 386 F.3d at 73–74. Additionally, it was reasonable for the IJ to find implausible Lin's testimony that she was a practicing Catholic who fled China to obtain religious freedom because Lin admitted that she did not start attending church in the United States until almost four years after her arrival. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 146 (2d Cir.2006). Finally, Lin's failure to corroborate her claims with any evidence to show that she was baptized or that she attended church in China and the United States made her unable to rehabilitate the testimony that had already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Accordingly, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Zhou Yun Zhang*, 386 F.3d at 73 & n. 7.[2]

To the extent that Lin challenges the IJ's other findings supporting the adverse credibility determination, we decline to consider these arguments because even if there were error, remand would be futile as it can be confidently predicted that the agency would reach the same conclusion on remand. *See Xiao Ji Chen*, 471 F.3d at 339.

Because the only evidence that Lin's life or freedom would be threatened or that she was likely to be tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her withholding of removal and CAT claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).[3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DENIED as moot.

---

**2.** We note that in her brief to this Court, Lin did not challenge any of these three bases for the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

**3.** Because Lin has not challenged the agency's pretermission of her asylum application, we deem any such argument abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).